# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2011

No. 10-11066
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR CRUZ-ESTEBAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:10-CR-28-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Cruz-Esteban appeals from his guilty-plea conviction for being found in the United States after having previously been removed following a felony conviction. He argues for the first time on appeal that the district court failed to advise him of five of his rights as required under Federal Rule of Criminal Procedure 11(b)(1)(B)-(F). The transcript confirms that the district court did not advise Cruz-Esteban of those rights. Because he did not object to these Rule 11 errors in the district court, we review them for plain error only.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Vonn*, 535 U.S. 55, 58-59 (2002).  To establish that a Rule 11 violation amounts to plain error, a defendant must demonstrate a "reasonable probability" that he would not have pleaded guilty "but for the error." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

Most of the rights omitted by the district court were set forth in either the written plea agreement or the district court's order accepting the guilty plea, both of which Cruz-Esteban acknowledged as correct.  He therefore cannot show that his substantial rights were affected by those particular omissions.  Moreover, for all of the challenged omissions, he has not demonstrated a reasonable probability that he would not have pleaded guilty if he had been advised of those rights.  *See Dominguez Benitez*, 542 U.S. at 76.  He has therefore failed to show reversible plain  error regarding this issue.

The judgment of the district court is AFFIRMED.